# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Luther Vereen, Jr., | ) | |
| | ) | |
| Petitioner, | ) | 4:03-cr-00271-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## I. Introduction

On November 28, 2008, the petitioner, Luther Vereen, Jr., commenced this pro se action under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] Thereafter, the petitioner filed a pro se motion for summary judgment with respect to his § 2255 petition. On April 27, 2009, the government filed a motion to dismiss the petitioner's motion. Because the petitioner is proceeding pro se, the Court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising him of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to adequately respond. Despite this notice, the petitioner did not file a response to the government's motion. This matter is now before the Court for disposition. For the reasons stated below, the Court

---

[1] This is the filing date under Houston v. Lack, 487 U.S. 266, 268 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



Page 1 of 7

grants the government's motion to dismiss, and dismisses the petitioner's Section 2255 petition with prejudice.

In connection with the filing of his § 2255 petition, the petitioner filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In support of this motion, the petitioner has provided the Court with an affidavit of indigence and a certified statement showing the receipts, expenditures, and balances of his institutional account. The petitioner's request to proceed in forma pauperis (ECF No. 88) is granted.

## II. Background

On July 30, 2003, the petitioner pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846. On April 25, 2005, the Court sentenced the petitioner to a term of 262 months in prison followed by 5 years of supervised release. On appeal, the Fourth Circuit Court of Appeals affirmed the petitioner's sentence on October 26, 2005. United States v. Vereen, 146 F. App'x 680 (4th Cir. 2005) (per curiam). The Fourth Circuit issued its Mandate on November 17, 2005. (ECF No. 73). The petitioner did not file a petition for rehearing or for a writ of certiorari.

## III. Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was

without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one-year period of limitation applies to any motion filed under § 2255. The limitation period runs from the latest of: (1) the date the judgment of conviction becomes final; (2) the date on which any impediment to making a motion, created by unconstitutional or illegal government action, is removed; (3) the date the Supreme Court initially recognizes, and makes retroactive, the right asserted by the petitioner; or (4) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f) (1) – (4).

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the petitioner is not entitled to relief).

After studying the parties' positions as set out in their respective submissions, the Court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be dismissed for the reasons set out in this order.

**IV. Discussion**

In its motion to dismiss, the government contends that the petitioner's § 2255 motion is untimely. The Court agrees. The petitioner's § 2255 motion was filed more than one

year after his judgment of conviction became final. Furthermore, none of the other three potential triggering dates set forth in § 2255(f) apply to this case.

As stated above, on April 25, 2005, the petitioner was sentenced by this Court to 262 months imprisonment. On April 26, 2005, the petitioner filed a Notice of Appeal. The Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence by unpublished opinion, and the judgment of that Court was filed on October 26, 2005. (See ECF Nos. 72, 73). The petitioner never filed a petition for a rehearing or for a writ of certiorari. Under such circumstances, the Supreme Court has held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Under Supreme Court Rules 13(1) and (3), a petition for a writ of certiorari must be filed within 90 days after the entry of judgment by the court of appeals, unless a petition for rehearing is timely filed, in which case the time runs from the denial of that petition.

In this case, the Fourth Circuit entered judgment affirming the petitioner's conviction on October 26, 2005, and the petitioner never filed a petition for rehearing. Based on Supreme Court Rules 13(1) and (3), the petitioner's time for filing any petition for a writ of certiorari expired on January 24, 2006. Thus, under Clay, the petitioner's judgment of conviction became final, and the one-year limitation period of § 2255 began to run, on January 24, 2006. To be timely, his § 2255 motion had to have been filed by January 24, 2007.



Here, however, the petitioner's § 2255 motion was filed on November 28, 2008, more than 34 months after his judgment of conviction became final. The petitioner's motion is untimely by more than 22 months. Thus, since the petitioner's § 2255 motion was clearly filed more than one year after his judgment of conviction became final, it is untimely under 28 U.S.C. § 2255, unless any of the other enumerated triggering dates apply.

The petitioner does not allege anywhere in his § 2255 motion that the government engaged in any unconstitutional or otherwise illegal action which created an impediment to his filing the § 2255 motion. Nor does the petitioner assert a claim based on a right newly recognized and made retroactive by the Supreme Court. Finally, the facts allegedly supporting the petitioner's claims for relief could easily have been discovered through the exercise of due diligence, because they actually were known to the petitioner more than a year before the filing of his § 2255 motion. All facts allegedly supporting his claim for relief were readily available to the petitioner at the time of his sentencing on April 25, 2005. Indeed, his own statements in paragraphs 3, 4, and 5 of his memorandum in support of his petition clearly show that by the time of his sentencing, the petitioner firmly believed that his prior burglary convictions were non-violent, a fact he claims he relayed to defense counsel <u>before</u> his sentencing. (<u>See</u> Memorandum in Support of § 2255 Motion, 4:03-271, ECF No. 87, at 3-4). Although he alleges that he "only very recently" received a copy of the Horry County Amended Commitment stating that his burglaries were non-violent, the fact of the matter remains that he knew, and advised his counsel, that they were non-violent before he was sentenced.



Thus, the "facts" allegedly supporting the petitioner's claim were all available to him by the time of his sentencing on April 25, 2005. Nonetheless, he did not file his 2255 motion until over 43 months later. Therefore, since the petitioner's § 2255 motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), it is untimely.

Although the petitioner has submitted no evidence that equitable tolling applies, the Court has reviewed the record in this case to see if equitable tolling should be applied. Equitable tolling is seldom applicable, and it is available "only in those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)) (internal quotation marks omitted). Thus, for equitable tolling to apply, an otherwise time-barred criminal defendant must present evidence of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Sosa, 364 F.3d at 512 (quoting Rouse, 339 F.3d at 246) (internal quotation marks omitted). The Court finds that equitable tolling is not applicable to this motion.

Therefore, since the petitioner's § 2255 motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. Section 2255(f), it is untimely. Furthermore, the petitioner has not presented any arguments sufficient to warrant review of the motion despite its untimeliness.



## V. Conclusion

Based on the foregoing, it is ordered that (1) the petitioner's motion to proceed in forma pauperis (ECF No. 88) is granted; (2) the government's motion to dismiss (ECF No. 97) is granted; (3) the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 87) is dismissed, with prejudice, as time-barred; and (4) the petitioner's motion for summary judgment (ECF No. 96) is denied.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

March 30, 2012
Charleston, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2011). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

