IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

United States of America )
)
) 4:03-cr-00271-CWH-1
)
vs. )
) **ORDER**
Luther Vereen, Jr. )
)
)

## I. Background

On July 30, 2003, the defendant pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846. On April 25, 2005, the Court sentenced the defendant to a term of 262 months in prison followed by 5 years of supervised release. The Fourth Circuit Court of Appeals affirmed the defendant's sentence on October 26, 2005. United States v. Vereen, 146 F. App'x 680 (4th Cir. 2005) (unpublished per curiam opinion). The Fourth Circuit issued its Mandate on November 17, 2005. (ECF No. 73). The defendant did not file a petition for rehearing or for a writ of certiorari.

On January 7, 2008, the defendant filed a pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(B)(2) and subsequently, on August 29, 2008, filed an identical motion. (ECF Nos. 83 & 84). On August 10, 2009, the Court denied his motion to reduce the sentence since the defendant's sentence was based on his status as a career offender. (ECF No. 105, at 2). The defendant appealed, and the Fourth Circuit Court of Appeals affirmed

the Order on April 27, 2010. United States v. Vereen, 375 F. App'x 340 (4th Cir. 2010) (unpublished per curiam opinion).

## II. Pending Motions

The defendant has filed two motions with the Court. The defendant's first motion seeks a copy of the "docket records to me [sic] case" to determine whether his motion to vacate (ECF No. 87) has been denied. (ECF No. 119, at 1). The defendant wants to "be certain before filing my new motion in court." (ECF No. 119, at 1). The defendant's second motion seeks copies of his "sentencing hearing, a copy of his plea agreement and other plea records relating to the plea." (ECF No. 120, at 1). The defendant contends he needs these records as he "did not appeal his case initially" and "this will be his first and only request for these records." (ECF No. 120, at 2).

It is well-settled that copies of transcripts and court documents may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (per curiam). A demonstration of need is crucial; an indigent defendant is not entitled to copies of court documents or transcripts at government expense "merely to comb the record in hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) (footnote omitted).

As to the defendant's first motion, he does not need a copy of the docket to inquire as to the status of his motion pursuant to 28 U.S.C. § 2255. (ECF No. 87). This motion was disposed of by this Court's order on March 30, 2012, which dismissed the motion with prejudice because it was time-barred. (ECF No. 129). As to the defendant's second motion, he does not state why he needs copies of the requested documents. For all the Court knows, the defendant requests



these documents "merely to comb the record in hope of discovering some flaw." Glass, 317 F.2d at 202 (footnote omitted). As stated above, the defendant's § 2255 motion was denied. (ECF No. 129). This Court further ordered that a certificate of appealability be denied since the defendant failed to make "a substantial showing of the denial of a constitutional right." (ECF No. 129, at 7).

The Court finds that the defendant has not shown any need for a copy of the docket sheet, and, therefore, the defendant's first motion (ECF No. 119) is denied. As to the defendant's second motion, he has not shown a particularized need for these transcripts – in fact, he has stated no reason whatsoever. Thus, the defendant is not entitled to copies of court documents and transcripts at the government's expense and the defendant's second motion (ECF No. 120) is also denied.

### III. Conclusion

For the foregoing reasons, the defendant's motions (ECF Nos. 119 & 120) are denied.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

June 25, 2013
Charleston, South Carolina